# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CR-4030-BCW-01 |
| ) | |
| CODY BRENT DAVIS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

The defendant, by consent, appeared before the undersigned on May 5, 2020 and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Local Rule 72(c)(1)(j), and 28 U.S.C. § 636, has entered a plea of guilty to Counts 1 and 2 of the Information. After cautioning and examining Defendant, under oath, in accordance with the requirements of Rule 11, it was determined that the guilty plea was knowledgeable and voluntary, and that the offense to which Defendant has plead guilty is supported by a factual basis for each of the essential elements of the offense.

For the proceeding, the prosecutor, defense counsel, and judge all appeared by video teleconference. The defendant was at home and appeared by video teleconference. The defendant waived his right to appear in person and consented to appearing by video teleconference. His image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly. At one point, defense counsel lost connection for approximately three minutes. The proceeding resumed with defense counsel continuing by teleconference. During the last few minutes of the proceeding defense counsel was able to connect by video.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. See the Court's April 20, 2020 Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 27, 2020, action by Judicial Conference authorizing video

teleconferencing under certain circumstances). I did not postpone the plea because his lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice. Namely, the virus has made it impossible for parties to appear in person and defense counsel stated that the defendant is eager to resolve the matter without delay.

IT IS, THEREFORE, RECOMMENDED that the plea of guilty be accepted and that the defendant be adjudged guilty and have a sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

May 5, 2020
Jefferson City, Missouri